IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| BARBARA ELIZABETH LAWSON, )<br>And JERRY LAWSON, )<br>Individually and on behalf of a class )<br>of all persons similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIFE OF THE SOUTH INSURANCE )<br>COMPANY, a Corporation, )<br>)<br>Defendant. ) | Civil Action<br><br>File No. 4-06-CV-42 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

COME NOW Plaintiffs Barbara Elizabeth Lawson and Jerry Lawson, and hereby file their response to Defendant's Motion to Strike, showing the Court as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

On May 16, 2007, this Court preliminarily approved a nationwide class settlement in a case virtually identical to the one at bar, *Perkins v. American National Insurance Company*, Middle District of Georgia, Columbus Division, 3:05CV-100 (Hon. Clay D. Land presiding). In that settlement, defendant American National Insurance Company ("ANICO") agreed to create a database and use it to determine which of ANICO's insureds were due refunds and in what amount. ANICO agreed to gather information to complete that database from its own records, from the records of its producer/agents, and from the records of lenders.

After the *ANICO* settlement was preliminarily approved by Hon. Clay D. Land, Plaintiffs filed the settlement documents in this case, noting that the settlement "prove[s] that credit insurers such as the Defendant…can readily obtain all the information to identify very

nearly all insureds due an unearned premium refund due as a result of early termination of their loan." Plaintiffs' Notice of Filing (PACER Doc. 43) at 2. The significance of such a settlement is immense. After heated litigation, ANICO entered into a settlement whereby all necessary information would be gathered from ANICO's files, ANICO's agent's files, and lender files. More importantly, this Court preliminarily decided that the contemplated procedure (which has been called the "lender approach") provided "fair, reasonable, and adequate" relief to the class members in that case. Exhibit A to Plaintiffs' Notice of Filing at 6.

Defendant filed a "Motion to Strike" the *ANICO* settlement documents, arguing, that the documents are "completely irrelevant" to this case and that the filing of the *ANICO* settlement documents was improper. Defendant further used its "Motion" to rehash many of the arguments made in its Motion for Judgment on the Pleadings.

The *ANICO* documents prove precisely what was stated in Plaintiffs' Notice: that if this case reaches a final judgment, this Court has already preliminarily approved a method by which nearly every class member can be found and the unearned premium refund due them can be calculated. There is simply no reason to "strike" these important documents from the record. There's no good reason for Defendant to try to hide them from this Court.

## ARGUMENT AND CITATION TO AUTHORITY

Defendant offers scant authority for its attempt to "strike" the documents filed by Plaintiffs. Defendant states that Fed. R. Civ. P. 12(f) "authorize[es] the striking of immaterial and impertinent matters from pleadings." Defendant's Motion at 2.

Defendant's characterization of Fed. R. Civ. P. 12(f) confirms that the Rule offers no basis whatsoever to strike the documents, because Plaintiffs' Notice of Filing is not a "pleading" according to the Federal Rules. Fed. R. Civ. P. 7(a) identifies "pleadings" as complaints,

2

answers, and counterclaims.  Plaintiffs' Notice of Filing cannot be characterized as anything resembling a pleading.  This Court has recently reiterated its position regarding "motions to strike" not directed at a pleading: "it is common for parties to file motions to strike directed at matters that are not contained in the pleadings. It is equally common for courts that receive such improperly targeted motions to strike ***to promptly deny them***, irrespective of their underlying merit."  *Ross v. Corporation of Mercer University,* 2007 WL 988768 (M.D.Ga. March 20, 2007) (emphasis added).  Thus, this Court should deny Defendant's Motion on its face as procedurally improper.

Defendant also argues that the *ANICO* settlement documents should be stricken from the record because the time for briefing the pending motions in this case has concluded.  Plaintiffs, however, did not file a "brief" presenting argument on any particular motion.  Plaintiffs filed the documents generally for this Court's consideration in the future litigation of this case.[1]  In that respect, Defendant has offered no reason whatsoever why the documents should be stricken.  Along the same lines, this Court should ignore Defendant's repeated attempts to again argue its Motion for Judgment on the Pleadings in the instant Motion, as the time for argument on that motion has passed.

Finally, Defendant contends that the *ANICO* settlement documents are irrelevant to this case. The relevance of the *ANICO* settlement, however, cannot be questioned.  Defendant *cannot dispute* that the *ANICO* case involves identical legal issues to the case at bar.  Defendant *does not dispute* that its dealer-agents and lenders have all of the information necessary to build a database similar to the one ANICO has undertaken to create.  More importantly, not only has

---

[1] Plaintiffs concede that the documents filed with this Court should not, at this time, be considered in connection with any pending motion, including Defendant's Motion for Judgment on the Pleadings.

ANICO decided that the "lender approach" will work, *but this Court has preliminarily decided that the approach will work as well*. This Court in *ANICO* was tasked with determining whether the agreed-upon settlement was fair, reasonable, and adequate. In order for the settlement to be fair, reasonable, and adequate for the class, the "lender approach" must be a feasible means of determining which insureds are due refunds and in what amount. By preliminarily approving the *ANICO* settlement, this Court preliminarily answered both those questions in the positive.

Obviously, this Court is interested in how this case might proceed to final judgment. The *ANICO* settlement proves that the "lender approach" is a feasible means to ensure that any insureds who are due refunds receive them.

## CONCLUSION

Defendant's "Motion to Strike" is, at its core, an attempt to present, for a second time, the arguments Defendant presented in its Motion for Judgment on the Pleadings. This Court should not be misled by Defendant's obfuscation. Defendant's Motion is both procedurally and substantively devoid of any merit and should be summarily denied. The *ANICO* documents speak for themselves, and the Court should consider them as such.

This 21st day of June, 2007.

Respectfully Submitted,

BUTLER, WOOTEN & FRYHOFER, LLP

*/s/James E. Butler, Jr.*
James E. Butler, Jr.
Georgia Bar No. 099625
Joel O. Wooten
Georgia Bar No. 776350
P.O. Box 2766
Columbus, Georgia 31902
(706) 322-1990

4

CHARLES A. GOWER, P.C.
CHARLES A. GOWER
Georgia Bar No.: 303500
1425 Wynnton Road
Post Office Box 5509'
Columbus, Georgia 31906
(706) 324-5685

PHILIPS-BRANCH
BEN B. PHILIPS
Georgia Bar No.:575550
P.O. Box 2808
Columbus, Georgia 31902
(706) 323-6461

OATES & COURVILLE
SAMUEL W. OATES, JR.
Georgia Bar No. 548250
P.O. Box 20
Columbus, Georgia 31902
(706) 327-8000

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

This is to certify that on June 21st, 2007, I electronically filed the within and foregoing PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE with the Clerk of Court using the CM-ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Jerry A. Buchanan
>Benjamin A. Land
>Buchanan & Land, LLP
>Post Office Box 2848
>Columbus, GA 31902
>
>Charles W. Byrd
>P.O. Box 1170
>Perry, GA 31069
>
>Kellye C. Moore
>Walker, Hulbert, Gray & Byrd, LLP
>P.O. Box 1770
>Perry, GA 31069

This 21stday of June, 2007.

>BUTLER, WOOTEN & FRYHOFER, LLP
>
>
>*/s/ James E. Butler, Jr.*
>JAMES E. BUTLER, JR.
>Georgia Bar No. 099625