Exhibit "7 a"

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KEN TOOLE, Individually, and on behalf of a class of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JMIC LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action File<br>No. <u>SU03CV-246</u> |

## ORDER

This Court was informed in February 2007 that effective December 31, 2006 Defendant JMIC Life Insurance Company stopped selling automotive credit life and disability insurance policies and terminated any and all agreements with all auto dealers. Defendant's failure to notify this Court and Class Counsel of these clearly material developments prior to the effective date thereof is troubling to the Court, given that this is a certified class action and the Court has special duties to protect the interests of the Class. The Court has asked Defendant to explain those decisions, but thus far Defendant has offered no plausible explanation. The Court discerns no economic justification for Defendant's decision; indeed, it appears that Defendant's insurance business was very profitable. It is undisputed that Defendant's sole business was selling credit insurance, and it is undisputed that Defendant is a wholly owned and wholly controlled subsidiary of a family-owned corporation, JM Family Enterprises, Inc. The opportunity to strip this Defendant of assets is thus a very real concern to this Court, since this Court has a special obligation to protect the interests of a Class that has been certified.

On February 21 and 22, 2007 at a Hearing held in this case, Class Counsel asked that the Court take some action to protect the interests of the Class and to preserve the assets of Defendant. The Court considered entering an injunction, but was satisfied by the representations of defense counsel Keyes which are referenced in this Court's prior Order of March 5, 2007, to wit: J. Andrew Keyes of the firm of Williams & Connolly LLP, Washington, D.C., assured the Court that Defendant's intentions are honorable; that Defendant is currently holding approximately $123,000,000.00 in its reserve account; that Defendant intends to continue the normal operation of its business in order pay rightful claims on policies it issued prior to December 31, 2006; and that Defendant has not and will not transfer, conceal, or deplete its assets.

Defendant has asked that this Court's Order of March 5, 2007 be vacated, and that a substitute Order be entered. This Court has considered Defendant's proposed substitute Order and adopts part of the proposal made by Defendant. But this Court still declines to enter an injunction or restraining Order, and Defendant has stipulated on the Record that nothing within this Order shall be deemed to entitle Defendant to appeal in this case prior to Final Judgment.

The Court is very concerned about the pending sale by Defendant of its interest in Southeast Family Life Insurance Company, Defendant's failure to report that transaction to the Court,[1] and the 94.8% diminution in value of that asset during the calendar year 2006 – the same

---

2

[1] The Court notes that credible evidence submitted by Plaintiff, and not contested by Defendant, reveals that the terms of that sale were agreed upon on February 19, 2007. Two days later, on February 21, 2007, Defendant appeared before this Court and, without informing the Court of that pending sale, Defendant through counsel represented to the Court, with respect to Defendant's financial status, that "nothing has changed". The Court further notes that Defendant gave no notice to this Court (or Class Counsel) of that intended change in Defendant's financial status, until the very end of the hearing on March 15, 2007, when defense counsel provided only sparse information. The Court then directed that Defendant provide information to Class Counsel about that transaction.

year in which Defendant lost its appeal of this Court's August 11, 2005 Orders certifying this Class and denying Defendant's motion for summary judgment.[2]

With respect to the Southeast Family Life transaction, defense counsel Sinkfield has offered to recommend to his client that Defendant delay closing the sale of its interest in Southeast Family Life until discovery can be had with regard to that transaction and the diminution in value of that interest and this Court is satisfied with the information obtained. The Court appreciates that offer and directs Mr. Sinkfield to report back to the Court and to Class Counsel,. as soon as possible and in no event later than 5 days prior to the date the Southeast Family life transaction is scheduled to close in April. ~~as soon as possible~~. But the Court is more concerned that the diminution in value of and proposed sale of Defendant's interest in Southeast Family Life suggests that there may have been more actions consistent with a diminution in the value of Defendant than just this one Southeast Family Life transaction. There is clearly a need to further explore the reasons for Defendant's decision to exit the business and the status of Defendant's assets since Plaintiff's Complaint was filed and since this Court certified this Class.

Defendant has represented to this Court that Defendant continues to administer service and provide insurance coverage to those insureds whose policies were issued prior to December 31, 2006 and remain in force. Yet this Court is concerned about how Defendant is operating. Defense counsel have made representations that Defendant's employees continue to be engaged in those activities, but a report by the Florida Insurance Department indicates Defendant has no

---

The Defendant's only response was an affidavit of a Mr. Finley, which failed to reveal the fact the deal was made on February 19. This Court's March 5, 2007 Order directed Defendant and defense counsel to *promptly* advise the Court of any facts contrary to the explicit representations made to this Court. The very limited disclosure by defense counsel at the end of the March 15, 2007 hearing did not comply with that clear Order.

[2]Evidence filed by Plaintiff and not contested by Defendant reveal Defendant reported to the Florida Insurance Department that its interest in Southeast Family Life was worth some $8.3 million as of December 31, 2005, but worth only $432,000 as of December 31, 2006. No explanation for this diminution in value has been offered.

employees. Further discovery and investigation in to the manner in which Defendant is operated is clearly required.

Defendant has objected to the Order entered by this Court on March 5, 2007, suggesting the Order somehow mischaracterized defense counsel Keyes' representations to the Court, yet neither Defendant nor defense counsel have specified what in this Court's Order is subject to such criticism. Defendant was invited to proffer a proposed substitute Order and did so, but the Court finds that Defendant's proposed substitute Order would not adequately protect the interests of this certified Class and would stop all inquiry in to the subjects discussed above. That is clearly not appropriate.

The Court finds as follows:

    A. Defendant voluntarily agrees that the reserves and assets of JMIC will not be dissipated for any reason other than the payment of claims, refunds and reasonable and necessary operating expenses in the ordinary course of business, without giving the Court and Class Counsel thirty (30) days advance notice and without the express written approval of this Court; and

    B. Defendant voluntarily agrees that there will be no payments, transfers, or distributions by Defendant to any parent or affiliated corporation or entity without thirty (30) days advance notice to Class Counsel and without the express written approval of this Court; and

    C. Within ten (10) business days from the date of the entry of this Order, Defendant agrees to provide the Court and Class Counsel with the

---

Defendant has failed to have any corporate representative attend any of the hearings this year in this case.

affidavit of the chief financial officer or chief executive officer of Defendant or of its parent corporation confirming that there has been no dissipation of Defendant's reserves and assets, other than for reasonable and necessary operating expenses in the ordinary course of business, since the filing of Plaintiff's Complaint in this case, or, if there has been, explaining in detail the cause for the dissipation of assets or diminution in value of such assets, including giving dates or time periods during which such events occurred. Defendant agrees such affidavit or affidavits shall also disclose in full detail any and all sales or transfers of assets or interests held by Defendant.. Defendant agrees such affidavit or affidavits will also disclose, in detail, all payments, transfers, or distributions made by Defendant since the filing of Plaintiff's Complaint to any parent or affiliated corporation or entity.

D. Within ten (10 business days from the date of the entry of this Order, Defendant agrees to provide to the Court and Class counsel the affidavit of the chief financial officer or the chief executive officer of Defendant or its parent corporation explaining in detail the diminution in value of Defendant's interest in Southeast Family Life which occurred between December 31, 2005 and December 31, 2006.

E. Within thirty (30) days after the end of each fiscal quarter, Defendant agrees to provide the Court and Class Counsel with an affidavit of the chief financial officer or the chief executive officer of Defendant or its parent corporation confirming that there has been no dissipation of Defendant's reserves and assets other than for reasonable and necessary operating expenses

in the ordinary course of business, and that there have been no payments, transfers, or distributions by Defendant to any parent or affiliated corporation or entity except those approved in writing by this Court.

F. Defendant agrees that those executives executing such affidavits will be made available for deposition in Columbus Georgia should such depositions be requested by Class Counsel, for discovery with respect to the subject matters referenced in this Order.

This Court further finds that Defendant has not fulfilled its obligation to inform the Court of transactions and developments of material interest to the Court in this certified class action, and that Defendant has willfully violated this Court's Orders.

This Order is subject to revision by the Court upon petition by either party to this case. Notwithstanding entry of this Order, all previous directives by the Court regarding discovery by Plaintiff with respect to Defendant's financial status, assets, sale or transfer of assets, ongoing business operations, financial circumstances, and representations regarding those matters heretofore made to this Court shall remain in full force and effect.

SO ORDERED, this 16 day of March, 2007.

*(signature)*
Honorable Douglas C. Pullen
Judge, Superior Court, Muscogee County

Order Prepared by Plaintiff's Counsel:

James E. Butler, Jr.
Butler, Wooten & Fryhofer
P O Box 2766
Columbus GA 31902
706 322 1990